IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH POOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 12-922 |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and social security income pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on March 28, 2011, alleging he had been disabled due to various issues since January 9, 2009. (ECF No. 9-6, pp. 2-13). Administrative Law Judge ("ALJ") Leslie Perry-Dowdell held a hearing on February 29, 2012. (ECF No. 9-2, pp. 23-52). On April 17, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 9-2, pp

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

11-19). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.     DISCUSSION**

**1.     Whether the ALJ erred in adopting the RFC and medical opinion of the consultative examiner yet still denying Plaintiff's disability claim**

Plaintiff argues that by adopting the residual functional capacity ("RFC") and medical opinion of Dr. Sohnen, a DDS consultative examiner, the ALJ erred in denying Plaintiff's disability claim.  (ECF No. 12, pp. 5-6).  While rejecting another doctor's opinions, the ALJ stated that she was "inclined to agree with Dr. Sohnen, and the residual functional capacity set forth herein is based largely on his assessment."  (ECF No. 9-2, p. 16).  To that end, the ALJ found Plaintiff had an RFC to perform light work.[2] (ECF No. 9-2, p. 14).  Light work has been defined as work involving lifting of no more than 20 pounds at a time with frequent lifting or

---

[2]The ALJ also added the following exceptions:  Plaintiff can only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl and he must avoid extreme heat, cold, humidity, and environmental irritants, as well as chemical and poorly ventilated areas.  (ECF No. 9-2, p. 14).

carrying of objects weighing up to 10 pounds and requires a "good deal of walking or standing or when it involves sitting most of the time with some pushing and pulling of arm or leg controls" 20 C.F.R. §§404.1567(b) and 416.967(b). Plaintiff argues that this is not what Dr. Sohnen opined or listed in the medical source statement of Plaintiff's ability to perform work-related physical activities. Dr. Sohnen's RFC stated as follows:

> The exam revealed thin, but otherwise normal individual. He did have obvious back pain when standing from a stooping or bent position. He otherwise was comfortable and had an entirely normal range of motion and strength examination. Work that required repeated stooping, bending, and possibly carrying might pose difficulty, otherwise he should be able to perform most activities at a sedentary job that requires minimal being, but normal amount of walking or standing. According to the medical source statement, the claimant's ability to perform work-related physical activities, lifting 10 pounds occasionally, carrying 10 pounds occasionally, standing and walking one to two hours, sitting no limitation….

(May 24, 2011 Exam of Plaintiff by Dr. Sohnen, ECF No. 9-10, pp. 38-39, 40).

Given Dr. Sohnen's assessment of sedentary work,[3] Plaintiff's age and his vocational profile, Grid Rule 201.14 results in a disability.[4] Thus, Plaintiff submits that either the ALJ did not adopt the medical opinion of Dr. Sohnen as she stated and failed to explain why, as she is required, or she thought Dr. Sohnen's medical opinion allowed for a light RFC, which Plaintiff argues it does not. Either way, Plaintiff reasons that the ALJ committed reversible error.

I disagree. A careful review of the record shows that on August 2, 2011, Plaintiff was again evaluated by Dr. Sohnen. Therein, Dr. Sohnen stated, in pertinent part, as follows:

> According to the medical source statement, the claimant's ability to perform work related physical activities on the basis of COPD are as follows: Lifting 20 pounds occasionally, carrying 10 pounds occasionally, standing and walking 1 hour less, sitting no limitation, pushing and pulling limited due to dyspnea.

---

[3] Sedentary work is defined as work involving "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 CFR §§404.1567(a) and 416.967(a).

[4] Grid Rule 201.14 provides that when maximum sustained work capacity is limited to sedentary work and the individual is 50-54 years of age with education of a high school graduate or more (does not provide for direct entry into skilled work) with previous skilled or semi-skilled skills not transferrable, then the individual is disabled.

(ECF No. 9-10, pp. 49, 51). Therefore, it is obvious that the ALJ used this assessment in her evaluation. Additionally, her opinion was based "largely on his assessment" but not entirely. It is the duty of the ALJ to determine the RFC. 20 CFR §§404.1545, 404.1546(c), 416.945, 416.946(c). Here, the ALJ sufficiently articulated the evidence supporting her findings in her opinion. (ECF No. 9-2, pp. 19). Consequently, I find no error in this regard.

**2.     Whether the ALJ committed reversible error by not finding Plaintiff's COPD to be a "severe" medical impairment at Step 2.**

At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. 416.924(a). An impairment is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. 416.924(c). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. 416.924(a). In this case, the ALJ found that Plaintiff had the following severe impairments: HIV infection, low back pain disorder, and a long history of substance use disorder. (ECF No. 9-2, p. 13). Plaintiff argues that because the ALJ did not provide any analysis or rationale for why she did not find Plaintiff's COPD to be severe in Step 2 and does not even mention COPD in her Step 2 analysis, she committed reversible error. (ECF No. 12, pp. 6-9). I disagree.

Although the ALJ did not find Plaintiff's COPD to be severe at Step 2, she did find other impairments to be severe. (ECF No. 9-2, p. 13). Thus, the Claimant was not denied benefits at Step 2. Rather, the ALJ proceeded beyond step 2 to determine if Plaintiff has an impairment or combination of impairments that functionally equals the listing. In so doing, she acknowledged that in making that determination she was to consider all impairments, including any impairment that is not severe. (ECF No. 9-2, pp. 13-17). Consequently, the ALJ processed to consider Plaintiff's severe and non-severe impairments in the next step of the evaluation process. *Id.* Thus, the real issue, as Plaintiff puts it, "is whether this is a harmful error or a harmless error."

(ECF No. 12, p. 7). I find any purported error was harmless as she considered all symptoms, including Plaintiff's COPD, in making her determination such that a remand on this basis is not warranted. (ECF No. 9-2, pp. 15-16); *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

> **3. Whether the ALJ committed reversible error by failing to mention and evaluate the DDS non-examining physicians' opinions and RFC assessments.**

While acknowledging that DDS non-examining physicians are usually contra to a plaintiff's claim, Plaintiff argues that the ALJ's failure to weigh, mention or examine the medical findings made by DDS non-examining physicians in this case was reversible error. (ECF No. 12, pp. 9-11). In essence, Plaintiff suggests that the non-examining physicians' determination that Plaintiff's affective disorder is "severe" at Step 2, which results in work related restrictions, is critical in this case because, according to Plaintiff, a work restriction of simple routine tasks would preclude Plaintiff's past relevant work. (ECF No. 12, p. 9). After a review of the record, I disagree.

Again, it is the ALJ who determines whether a Plaintiff's impairments are severe. 20 C.F.R. 416.924(a). As a result, a determination by a physician that an impairment is severe is not controlling. Furthermore, the non-examining consultative physician found that "the claimant's mental health impairment is non-severe…." (ECF No. 9-3, p. 10). Finally, contrary to Plaintiff's argument, ALJ did not fail to mention said evidence. See, ECF No. 9-3, pp. 16-17. While he did not list out the opinions specifically at Step 2, I find this to be harmless. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

I find the ALJ's opinion with to be supported by substantial evidence.  (ECF No. 9-2, pp. 16-17).  Therefore, neither reversal nor remand is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH POOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-922 |
| ) | |
| CAROLYN W. COLVIN,[5] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 3rd day of August, 2013, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (ECF No. 11) is denied and Defendant's Motion for Summary Judgment (ECF No. 13) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[5] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.